UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| SHERRY SCHNEPPER, and VICTOR SCHNEPPER, <br><br> Plaintiffs, <br><br> vs. <br><br> FEDERATED MUTUAL INSURANCE COMPANY, TELLIGEN INDIANA, LLC, and TELLIGEN INC., <br><br> Defendants. | 3:14-cv-00154-RLY-WGH |

**ENTRY ON PLAINTIFFS' MOTION TO REMAND**

Plaintiffs, Sherry Schnepper and Victor Schnepper, move to remand the present action to the Vanderburgh Superior Court. For the reasons set forth below, the court **DENIES** the motion.

I. Background

Mr. and Mrs. Schnepper received health insurance through Federated Mutual Insurance Company as a benefit of Mr. Schnepper's employment. (Compl. ¶ 7). Plaintiffs do not dispute that fact. In 2008, Mrs. Schnepper was diagnosed with colon cancer, and received Vectibix Chemotherapy from 2008 through 2012. (*Id*. ¶ 6). The cancer remained in remission during that time. (*Id*.).

In July 2012, Federated employed Telligen, Indiana, LLC and Telligen, Inc., to review medical services provided to Federated's policy holders. Following that review,

1

Plaintiffs allege Defendants "made an unfounded refusal to further fund Vectibix Chemotherapy treatment for the Plaintiff (Sherry Schnepper), though treatment had been, and was desired to be, ongoing," and that, as a result, the cancer metastasized to her breasts less than one year later. (*Id.* ¶ 11).

On August 14, 2014, Plaintiffs filed a Complaint in the Vanderburgh Superior Court alleging Defendants breached their duty of good faith and fair dealing by "denying treatment payments for Vectibix Chemotherapy"; Federated breached its contract with Plaintiffs by failing "to pay benefits for treatments as provided in the policy to covered persons"; and Mr. Schnepper suffered a loss of companionship with Mrs. Schnepper due to the injuries caused by Defendants. On November 7, 2014, Federated removed[1] the action to this court, asserting that Plaintiffs' claims are preempted by the Federal Employee Retirement Income Security Act ("ERISA").

## II.  Discussion

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant" to federal court. 28 U.S.C. § 1441(c). The issue raised is whether Plaintiffs' state common law causes of action for breach of contract and bad faith are completely preempted by ERISA § 502 and thus, arise under federal law. *See Rice v. Panchal*, 65 F.3d 637, 641 (7th Cir. 1995) (if a plaintiff's state law claims are within the scope of §

---

[1] As of November 5, 2014, Plaintiffs had not perfected service of the Complaint upon Federated. They received a copy of Plaintiffs' Complaint through Telligen's counsel. Thus, Federated's Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b).

502(a), those claims are completely preempted regardless how the plaintiff characterizes her claims). Section 502 provides:

> A civil action may be brought – (1) by a participant or beneficiary – … (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). In *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004), the Supreme Court articulated a two-part test for determining whether a claim is completely preempted by ERISA § 502: (1) the individual brings a denial of coverage claim pursuant to the terms of an ERISA-regulated employee benefit plan; and (2) there is no legal duty independent of ERISA implicated by the defendant's actions. *Id*. at 210. These factors appear to be undisputed.[2] Nevertheless, citing *Pegram v. Herdrich*, 530 U.S. 211 (2000), Plaintiffs argue their case should be remanded because Federated's decision to deny coverage for Mrs. Schnepper's chemotherapy treatments is a mixed eligibility and treatment decision deemed outside the reach of ERISA preemption.

In *Pegram*, plaintiff sued her health maintenance organization ("HMO") and treating physician for medical malpractice and for breach of an ERISA fiduciary duty when her physician failed to immediately order an ultrasound despite noticeable inflammation in plaintiff's abdomen, resulting in a ruptured appendix. *Id*. at 215-16. The issue before the Supreme Court was whether the HMO could be liable for breach of a fiduciary duty. In reaching its decision, the Court explained that HMOs are physician-

---

[2] Federated represented in its Notice of Removal that Plaintiffs' health care plan is governed by the Federal Employee Retirement Income Security Act; Plaintiffs do not dispute that assertion.

3

owned-and-operated, and they generate income through a fixed-fee arrangement for each patient enrolled under the terms of the health care contract. *Id*. at 228. Thus, the *Pegram* physician's decision to forego an immediate ultrasound was inextricably mixed with a coverage determination. *Id*. at 229. The Supreme Court explained:

> [Dr. Pegram] decided (wrongly as it turned out) that [plaintiff's] condition did not warrant immediate action; the consequence of that medical determination was that [the HMO] would not cover immediate care, whereas it would have done so if Dr. Pegram had made the proper diagnosis and judgment to treat.

*Id*. The Supreme Court concluded that "Congress did not intend [the defendant HMO] or any other HMO to be treated as a fiduciary to the extent that it makes mixed eligibility decisions acting through its physicians." *Id*. at 231.

Plaintiffs argue that *Pegram* applies because the decision upon which those claims are based – i.e., the decision to deny coverage for Mrs. Schnepper's chemotherapy treatments – is a "mixed eligibility and treatment" decision. Specifically, Plaintiffs argue that Telligen made a medical determination that chemotherapy treatments were no longer necessary for Mrs. Schnepper, and Federated later made an eligibility decision not to fund those treatments. (*See also* Compl. ¶¶ 8-10). Plaintiffs' argument is misplaced. A benefit determination is a fiduciary act, and "[t]he fact that a benefits determination is infused with medical judgments does not alter this result." *Davila*, 542 U.S. at 219. As the Supreme Court later clarified in *Davila*, *Pegram's* rationale for excluding mixed decisions from being treated as fiduciary acts under ERISA was based upon the unique structure of an HMO – i.e., where the treating physician was also in charge of making benefits determinations. *Id*.; *see also Mayeaux v. Louisiana Health Serv. and Indem. Co.*,

4

376 F.3d 420, 431 (5th Cir. 2004) (citing *Davila* for the proposition that "*Pegram* has no application outside the HMO context"). During the relevant time period, Mr. and Mrs. Schnepper's insurance policy with Federated was not an HMO; rather, it was a preferred provider organization. (*See* Filing No. 15-1, Federated Mutual Insurance Company Group Health Policy). Consequently, Mrs. Schnepper's treating physician made treatment decisions regarding her condition, not Telligen; and Federated made eligibility determinations based upon the terms of its group health policy. *Pegram*, 530 U.S. at 228 (defining "treatment decisions" as "choices about how to go about diagnosing and treating a patient's condition" and defining "eligibility decisions" as decisions that "turn on the plan's coverage of a particular condition or medical procedure for its treatment"). In sum, *Pegram's* mixed-decision principal is inapplicable to the present case.

A fair reading of Mrs. Schnepper's state law breach of contract and bad faith claims leads the court to conclude that her claim is one for a denial of coverage for medical care under ERISA § 502. The court therefore finds her claims are completely preempted by ERISA § 502, providing the court with original subject matter jurisdiction over her claim. *Davila*, 542 U.S. at 210 ("[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B).").

### III.     Conclusion

The court finds it has original jurisdiction over Plaintiffs' claims.  Accordingly, Plaintiffs' Motion to Remand (Filing No. 10) is **DENIED**.


**SO ORDERED** this 6th day of February 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.